IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| V. | * | Criminal No: 1:17-CR-115 |
| | * | Trial: 06/11/18 |
| **JOSE BENJAMIN MANLAPAZ** | * | Judge: Anthony Trenga |
| | * | |
| Defendant(s). | * | |
| | * | |

**MOTION FOR REVIEW AND RECONSIDERATION
OF BOND WITH MEMORANDUM OF POINTS AND
AUTHORITIES AND REQUEST FOR HEARING**

**COMES NOW**, Defendant, **JOSE BENJAMIN MANLAPAZ**, by and through, John O. Iweanoge, II and THE IWEANOGES FIRM, PC, his attorneys, hereby moves this Honorable Court for review and reconsideration of his bond pending trial pursuant to Title 18 United States Code § 3142(f) and in support of this motion, defendant by and through counsel states:

**INTRODUCTION**

This motion is submitted in support of Jose Benjamin Manlapaz motion for bail review and reconsideration pursuant to 18 U.S.C. § 3142(f) and the Fifth, Sixth, and Eighth Amendments to the United States Constitution. On March 19, 2018, Defendant was arraigned on a superseding indictment that contains additional charges and involved a larger time frame (2007 - 2017). The trial is presently set for June 11, 2018 but Defendant would not adequately prepare for trial or assist his attorney in trial preparation while detained due to the size of electronic data to be reviewed which is impracticable under the policies of the Detention facility. Mr.

Manlapaz continued detention will cause extreme hardship for counsel and defense team to adequately prepare for trial, should he remain in detention, thereby abridging his right to a fair trial.

## STATEMENT OF FACTS

Mr. Manlapaz is presently charged with one (1) count of conspiracy, twenty-seven (27) counts of Aiding and Assisting in the Preparation of False Tax Returns, one (1) count of Mail Fraud, and five (5) counts of Wire Fraud. The volumes of documents in discovery that requires review together with a defense investigator and expert in preparation for his defense pursuant to the 6th Amendment to the U.S. Constitution, cannot be accomplished while he is in detention.

As the Court is aware, under the terms of the Agreed Order for Reasonable accommodation, Mr. Manlapaz can only review the discovery for one (1) hour a day depending on library availability. Moreover, due to Mr. Manlapaz's medical condition he cannot stay more than one (1) hour in the library without using the bathroom but there are no bathrooms in the library, which means that once he is returned to his cell, he would not be returned to the library. Under these conditions, we conservatively estimate that the necessary review of the discovery materials by Mr. Manlapaz which is integral to his defense and his review of all the discovery materials critical to his defense, will be impracticable.

## MEMORANDUM OF POINTS AND AUTHORITIES

18 U.S.C. § 3142(f) provides that a detention hearing may be reopened upon a showing that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of

release that will reasonably assure the appearance of such person as required and the safety of any other person in the community." Such is the case here.

Although the Bail Reform Act of 1984 expanded the applicable considerations for pre- trial detention, cases interpreting the statute consistently reiterate that "the passage of the pretrial detention provision of the 1984 Act did not . . . signal congressional intent to incarcerate wholesale the category of accused persons awaiting trial." *United States v. Orta*, 760 F.2d 887, 890 (8th Cir. 1985). As the *Orta* Court explained "[i]t is anticipated that pretrial release will continue to be appropriate for the majority of Federal defendants." Id. at 890; See also, *United States v. Salerno*, 481 U.S. 739 (1987). Consistent with this statement, the statutory scheme continues to favor release over pretrial detention, providing the judicial officer with alternatives to structure an appropriate pretrial release. *Orta*, supra. Only in rare circumstances should release be denied. *United States v. Gebro*, 948 F.2d 1118 (9th Cir. 1991).

Although the Speedy Trial Act, 18 U.S.C. § 3161 et seq., is designed to ensure that criminal matters are brought to trial expeditiously, in reality, it often takes many months before a complex case can be tried. Mr. Manlapaz's case is a prime example because he has been held since May 31, 2017 following his arrest. His trial is currently set for June 11, 2018 and there is a superseding indictment.

Preventive detention for many months, in this case since May 31, 2017 without a finding of guilt, raises constitutional issue, as the length of Mr. Manlapaz's detention must be considered in his application for review and reconsideration of his bond. In sum, the Bail Reform Act does not modify or limit the presumption of innocence. See 18 USC § 3142(j). Therefore, there is a very high risk that continued pre-trial detention would result in a due process violation.

Pre-trial detention constitutes punishment in violation of the Fifth Amendment's Due Process Clause when it is excessive in relation to non-punitive purposes of detention, such as "preventing danger to the community," *Salerno*, 481 U.S. at 746–47, or "ensur[ing] [a defendant's] presence at trial," *Bell v. Wolfish*, 441 U.S. 520, 536, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

Under the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., a court generally "must release a defendant on bail on the least restrictive condition or combination of conditions that will reasonably assure the defendant's appearance when required and the safety of the community." *United States v. Madoff*, 586 F. Supp. 2d 240, 246 (S.D.N.Y. 2009); 18 U.S.C. § 3142(c)(1)(B). Bail, then, is properly viewed as a permissible regulatory, or preventative, measure for use by the courts, rather than being punitive in nature. See *United States v. Salerno*, 481 U.S. 739, 747, 107 S.Ct. 2095, 2101 (1987); *United States v. Stone*, 608 F.3d 639, 646 (6th Cir. 2010); *United States v. Tirado*, 912 F. Supp. 2d 273, 277 (N.D. Ohio 1995)("If the Judicial Officer finds that the defendant's release on his own recognizance or unsecured appearance bond will not reasonable assure defendant's appearance at trial or will endanger the safety of the community, the Judicial Officer may order the defendant's release subject to one or more conditions from a list of 14 provided. 18 U.S.C. § 3142(c)."). Significantly, in enacting the Bail Reform Act, Congress recognized "the traditional presumption favoring pretrial release 'for the majority of Federal defendants.'" *United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir. 1986) cert. dismissed 479 U.S. 978, 107 S.Ct. 562 (1986).

Accordingly, the Supreme Court has observed that "[i]n our society liberty is

the norm, and detention prior to trial or without trial is the carefully limited exception." *Salerno*, 481 U.S. at 755, 107 S.Ct. at 2105. Particularly in the context of a case in which a presumption favors release, "[r]equiring that release conditions guarantee the community's safety would fly in the teeth of Congress's clear intent that only a limited number of defendants be subject to pretrial detention." *United States v. Tortora*, 922 F.2d 880, 884 (1st Cir. 1990)(citing S. Rep. No. 225, supra, 1984 U.S. Code Cong. & Admin. News at 3189). *United States v. Infelise*, 934 F.2d 103, 105 (7th Cir. 1991) (holding that under § 3142(e) defendants on racketeering charges were entitled to further consideration of electronic ankle bracelets, rather than continued detention, as a lesser restrictive condition) (Posner, J.).

Despite prior denial of bail, there are factors supporting the release of Mr. Manlapaz pending trial, including but not limited to the fact that he will be unable to travel outside of the United States with an order that he surrenders his passports to pre-trial services. Foreign nationality not necessarily enough to indicate flight risk. *U.S. v. Motamedi*, 767 F.2d 1403 (9th Cir. 1985); See *U.S. v. Paterson*, 780 F.2d 883 (10th Cir. 1986); *U.S. v. Townsend*, 897 F.2d 989 (9th Cir. 1990).

I. **Mr. Manlapaz is not a risk of flight and 18 U.S.C. § 3142 requires release**

The Court of Appeals for the Fourth Circuit has succinctly stated what the Government must prove to mandate a defendant's pretrial detention. "Because the law … favors bail release, the government carries a dual burden in seeking pre-trial detention. First, it must establish by a preponderance of the evidence that the defendant, if released, presents an actual risk of flight. Assuming it satisfies this

burden, the government must then demonstrate by a preponderance of the evidence that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court." *United States v. Sabhnani,* 493 F.3d 63, 75 (2d Cir. 2007) (citations omitted). Under the Bail Reform Act, in evaluating the risk of flight a court must consider "the nature of the offense, the weight of the evidence against the suspect, the history and character of the person charged, and the nature and seriousness of the risk to the community". 18 U.S.C. § 3142; *United States v. Chimurenga*, 760 F.2d 400, 403 (2d Cir.1985). Generally, a court must release a defendant on bail on the least restrictive condition or combination of conditions that will reasonably assure the defendant's appearance when required and the safety of the community. *See* 18 U.S.C. § 3142(c)(1)(B); *United States v. Madoff*, 586 F.Supp.2d 240 (S.D.N.Y. Cir. 2009).

    a.    **The nature of the offense**

While the accusations against Mr. Manlapaz are serious, there is significant doubt as to the Government's ability to carry its burden. Additionally, if convicted, Mr. Manlapaz is not facing the type of significant term in prison that would worth Mr. Manlapaz to be looking over one's shoulder for the rest of one's life. If Mr. Manlapaz were to flee, he would never return to Philippines or any other country because his passport will be in possession of the United States District Court and all his money has been recovered and in possession of the Government. *U.S. v. Wasendorf*, 2012 WL 4052834 (N.D. Iowa 2012)(fact that defendants assets have been frozen etc. eliminates serious flight risk).

  **b.**  **The weight of the evidence against Mr. Manlapaz**

In fixing bail, the least amount of weight should be given to the "weight of evidence." *See United States v. Honeyman*, 470 F.2d 473 (2d Cir. 1973). Notwithstanding, based on the discovery provided so far, the Government's case as alleged does not rise to the level of reasonable doubt to convict Mr. Manlapaz.

  **c.**  **Nature and circumstances of Mr. Manlapaz**

Mr. Manlapaz is a stable, law abiding family and business man, although born in the Philippines, is a United States Citizen. Mr. Manlapaz is 54 years old and served in the United States Air Force for ten (10) years. Mr. Manlapaz is married to Dr. Christina Manlapaz, a pediatrician, and the marriage is blessed with a 13-year-old son. Mr. Manlapaz has no criminal history, does not suffer from any mental or emotional illness, and is not a drug addict or alcoholic. Mr. Manlapaz suffers from diabetes and sleep apnea for which he takes medications and uses CPAB machine to manage them.

 He is a successful business man, preparing taxes. Mr. Manlapaz has the support of his family and friends. Additionally, Mr. Manlapaz has significant and legitimate ties to the United States, notwithstanding the Government's arguments to the contrary. Most important, Mr. Manlapaz was under investigation following a search warrant at his office and residence in 2013but did not flee or take any evasive action. In fact, in 2016 that the Government alleges in paragraph 16 of the superseding indictment that they met with Mr. Manlapaz regarding the charges in this case, but he still did not flee even though he visited Philippines and returned to the United States with knowledge of the pending charges and indictment. *See U.S. v. Sanchez*, 2011 WL 744666 (C.D. Cal. 2011)(defendant knew of pending charges –

never fled – not serious flight risk).

Finally, the fact that Philippines has extradition treaty (RP-US Extradition Treaty) with the United States signed on November 13, 1994 negates any suggestion by the Government that Mr. Manlapaz will flee to the Philippines. Moreover, the mere opportunity for flight is not sufficient grounds for pretrial detention. *United States v. Himler*, 797 F.2d 156,162 (6th Cir. 1986). Additionally, Courts have released foreign nationals pending trial–even those with home countries which will not extradite. *See generally United States v. Khashoggi*, 717 F.Supp. 1047 (S.D.N.Y. 1989)(Saudia Arabian business man, who traveled frequently, charged with obstruction released on bond).

### d.     Mr. Manlapaz is not a Danger to the Community.

Section 3142(g)(4) requires that the Court assess the extent of the danger posed by a defendant's release in weighing the factors relevant to a risk of flight analysis. The major consideration being whether a defendant would continue to engage in criminal acts while on bond, which could be used to facilitate his flight from justice. The Government would acknowledge that Mr. Manlapaz has no criminal history.

The Government in prior bond motions have argued that Mr. Manlapaz posed a danger to some people, specifically, former employees. Obviously, Mr. Manlapaz would not engage in tax preparation or opening up of tax preparation business because he would be on home confinement with electronic monitoring, so argument about dangerousness solely on the alleged business practices is without merit. All allegation about information he provided his clients while preparing their taxes are irrelevant as to the issues of dangerousness today. Additionally, to the extent there is any danger posed by releasing him for trial, that danger may be ameliorated through an Order

precluding Mr. Manlapaz from engaging in any tax preparation or other tax preparation transactions, directly or indirectly, while on pretrial release. Moreover, the other allegations by the Government to support the allegation of danger to the community, also do not rise to the level of danger to the community. The Government has not asserted and cannot assert that Mr. Manlapaz would continue in tax preparation and/or communicate with the previous employees.  Moreover, the allegation that Mr. Manlapaz would rat out employees, blame employees, and/or pressure them to lie, are all in the past because the Government has concluded its investigation and according to them, have video recordings and document to support the charges against Mr. Manlapaz. As the Court is aware, the sole JBM office is closed, and it is unclear how the Government contends that Mr. Manlapaz would continue his tax preparation business while on home confinement with electronic monitoring and pretrial supervision.

This factor certainly weighs in favor of release or at most release on stringent conditions of bond that would reasonably address, if possible, the purported danger the Government alleges being posed in this case.

**Conclusion**

In sum, the Government has failed to show that Mr. Manlapaz is an actual risk of flight. Even assuming arguendo that they have made this showing, the Government has also failed to show that there are no conditions or combination of conditions that will reasonably ensure that Mr. Manlapaz will appear for court. If Mr. Manlapaz is enrolled in pre-trial services electronic and GPS monitoring, with curfew, except meeting with counsel, investigator and/or expert for his defense, it would be sufficient to assure the Court of his presence at trial. Moreover, ability to flee is not sufficient to

justify detention. *U.S. v. Himler*, 797 F.2d 156 (3d Cir. 1986). Use of electronic bracelet "arguably" rebuts presumption. *U.S. v. O'Brien*, 895 F.2d 810 (1st Cir. 1990); see *Kin-Hong v. U.S.*, 926 F. Supp. 1180 (D.Mass. 1996); *U.S. v. Leyba*, 104 F.Supp. 2d 1182 (S. D. Iowa 2000). In addition, to a no-contact with any and all former clients and/or employees, named or unnamed in the indictment. A consideration of the factors set forth at 18 U.S.C. § 3142(g) therefore demonstrates that there are conditions therein that would assure Mr. Manlapaz's appearance and the safety of the community. Conditions for release need not guarantee safety or presence but need only "reasonably assure" both. 18 U.S.C. § 3142(e). *U.S. v. Fortna*, 769 F.2d 243 (5th Cir. 1985); *U.S. v. Orta*, 760 F.2d 887 (8th Cir. 1985) (en banc). See *U.S. v. Dreier*, 596 F.Supp.2d 831 (S.D.N.Y. 2009)(private armed guards sufficient to assure presence).

For such other and further relief as the nature of Defendant's cause requires and this Court deems proper in the interest of Justice and Judicial economy.

**WHEREFORE**, Defendant, **JOSE BENJAMIN MANLAPAZ**, prays this Honorable Court for release which is necessary for preparation of his defense and/or for another compelling reason.

Respectfully submitted,
THE IWEANOGES FIRM, PC             Jose Benjamin Manlapaz
                                   Defendant by Counsel

By: /S/JohnOIweanoge/S/ _____
    John O. Iweanoge, II
    IWEANOGE LAW CENTER
    1026 Monroe Street, NE
    Washington, D.C. 20017
    Phone: (202) 347-7026
    Fax:   (202) 347-7108
    Email: joi@iweanogesfirm.com
    Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of March, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Katherine Wong, AUSA
Kimberly Pedersen, AUSA
United States Attorney's Office
for the Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314


                                                    */S/JohnOIweanoge/S/*
                                                    John O. Iweanoge, II

IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| V. | * | **Criminal No: 1:17-CR-115** |
| | * | **Trial: 06/11/18** |
| **JOSE BENJAMIN MANLAPAZ** | * | **Judge: Anthony Trenga** |
| | * | |
| Defendant(s). | * | |
| | * | |

# ORDER

**UPON CONSIDERATION** of Defendant's Motion for Review and Reconsideration of Bond with Memorandum of Points and Authorities and any United States opposition, it is this _____ day of _____, 2018, hereby;

**ORDERED,** that Defendant's Motion be and same is hereby **GRANTED, and it is**, FURTHER ORDERED _____

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　Anthony Trenga
　　　　　　　　　　　　　　　　　　　　　　U.S. District Court Judge

Copies sent to:
cc: John O. Iweanoge, II            Katherine Wong, AUSA
　　THE IWEANOGES FIRM, P.C.   Kimberly Pedersen, AUSA
　　IWEANOGE LAW CENTER       United States Attorney's Office
　　1026 Monroe Street, NE       for the Eastern District of Virginia
　　Washington, DC 20017          2100 Jamieson Avenue
　　                                               Alexandria, Virginia 22314