## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| V. | * | **Criminal No: 1:17-CR-115** |
| | * | |
| | * | |
| **JOSE BENJAMIN MANLAPAZ** | * | **Judge: Anthony Trenga** |
| Defendant(s). | * | |
| | * | |

### REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

**COMES NOW**, Defendant, **JOSE BENJAMIN MANLAPAZ**, by and through, John O. Iweanoge, II and THE IWEANOGES FIRM, PC, his attorneys in reply to Government's opposition to his motion for compassionate release states:

**1.     MR. MANLAPAZ'S IS ELIGIBLE FOR COMPASSIONATE RELASE WHEN EVALUATED AGAINST THE PRACTICAL AND LEGAL BACKDROP.**

Mr. Benjamin Manlapaz is an undisputed high-risk inmate and the Government cannot guarantee that the BOP facility housing him would remain COVID-19 free in the near future. It is also less likely that the BOP facility would remain COVID-19 free because of the increasing number of COVID-19 cases in the United States. Additionally, the Government went to great length to explain all the measures being taken by BOP to limit inmates' exposure to corona-virus, however, these measure are temporary and as West Virginia is reopening, the forecast is that corona-virus cases would inevitably increase in the State which would increase the potential for inmates in the BOP facility in West Virginia.

BOP is not better suited to evaluate a range of quickly changing facts asserted by the Government.

- *Safety of Home Detention.* Mr. Manlapaz's home detention would be at the basement of his residence at 6919 Chelsea Road, McLean, Virginia 22101. He will reside with his wife Dr. Frayna-Manlapaz, a physician, and their minor son. Dr. Frayna-Manlapaz will continue to support him, including health insurance through Carefirst. Since Mr. Manlapaz would be on home confinement, his movement would be limited to his residence where no person is infected or soon to be infected because of the precautions taken at his residence.

- *Avoiding recidivism.* Mr. Manlapaz has served a reasonable portion of his sentence having been incarcerated since May 31, 2017 and due to be released on January 29, 2025. A study funded by the Department of Justice found that recidivism is more likely when a defendant has a prior history, drug abuse problems, mental health issues, and challenges with unemployment, housing and transportation. These factors are favorable to Mr. Manlapaz because he does not have any of the listed considerations. In addition, factors such as strong social support system, marketable educational skills, a motivation to change and age, make recidivism by Mr. Manlapaz unlikely. See *William Rhodes, et al Recidivism of Offenders on Federal Community Supervision at 1, Abt Associates, Dec 21, 2012* (prepared for Bureau of Justice Statistics and Office of Probation and Pretrial Services). Also, United States Sentencing Commission's publication titled, "The Effects of Aging on Recidivism among Federal Offender" found that individuals convicted of fraud have less recidivism rate tha individuals convicted of firearm or drug offenses.

- *Protecting the public from infection.* This factor can easily be determined because the

Page **6** of **8**

> Government states that currently there are no CODID-19 inmates at the BOP Facility in West Virginia where Mr. Manlapaz is currently serving his prison term. Thus, Mr. Manlapaz would not be infected at the time of his release and can also be tested prior to release. This consideration also supports Mr. Manlapaz's position that releasing him at this time is better than waiting until the facility has COVID-19 inmates. Although there are no reported cases in the facility, there are COVID-19 cases in the Morgantown community.
>
> - *Avoiding misallocation of testing resources*. Currently, testing resources is not an issue because there are enough testing kits made available for inmate testing. Moreover, Mr. Manlapaz's request for release would not result in misallocation of resources.
>
> - *Addressing the need for food, housing, medical care, transportation, employment, and other necessities*. The Court is well aware of Mr. Manlapaz's family situation at the time of sentencing based on the pre-sentence report and sentencing memorandum. Mr. Manlapaz's family circumstance has not changed. Mr. Manlapaz is still married to his wife, Dr. Frayna-Manlapaz and would not have any issues with housing, food, medical care, transportation, etc.
>
> - *Evaluating how much of a difference a defendant's proposal would make to disease transmission inside defendant's prison*. This consideration although important to BOP cannot be determined inmate by inmate. Respondent may die in jail if not released to home-detention.
>
> - *Making release decisions fast enough and accurately enough to make a difference*. Mr. Manlapaz would not pose any danger to the public because he would not be infected

Page **7** of **8**

prior to release and would be home bound because of his high risk of contracting the disease.

- *Appropriately prioritizing supervision resources*. Mr. Manlapaz's release would not place any burden on the supervision resources when compared to the danger posed to Mr. Manlapaz by a potential infection with COVID-19 which would be a death sentence due to his medical condition. Upon information, most of the diabetic patients at the West Virginia BOP Facility have been released on compassionate grounds but supervision can be accomplished digitally.

The court releasing Mr. Manlapaz on compassionate ground is not mass release of inmates but a specific request backed by medical record to justify placing Mr. Manlapaz on home confinement.

## II. MR. MANLAPAZ PRESENTED SUFFICIENT FACTS OF EXTRAORDINARY AND COMPELLING REASONS TO JUSTIFY COMPASSIONATE RELEASE.

The government seems to conflate medical condition and age, as the requirement for eligibility to demonstrate extraordinary and compelling reason. First, the CDC Guidelines shows that high risk individuals are those with certain medical conditions or above the age of sixty-five (65) years old. Mr. Manlapaz is a high-risk inmate because of his medical conditions of Type I diabetes and severe Sleep apnea. Mr. Manlapaz has severe sleep apnea because his breathing, based on information, stops more than 40 times an hour while sleeping. COVID-19 pandemic is an extraordinary and compelling reasons because it targets those classified as high-risk for serious and life-threatening illness. Mr. Manlapaz falls within that group of high risk and susceptible inmates

because the prisons and detention facilities are known incubators for the disease since the policies of the detention facilities in terms of use of hand sanitizers, housing condition of inmates, etc. Although the Government asserts that there are no active cases in FCI Morgantown, there are COVID-19 cases in the county and city. Given the absence of reliable and accurate information on the means of transmission, it is likely that given the daily entry of staff and guards from the community, and the continued influx and transfer of dozens of new people into the facility on a daily or weekly basis, it is only a short matter of time before the disease becomes introduced into the facility. Unfortunately, we do not have the luxury to wait until there are inmates diagnosed with COVID-19.

In this case, Mr. Manlapaz's motion for compassionate release is not based solely on the assertion that he runs a risk of being infected with coronavirus but because he falls within the subset that CDC has designated high-risk population and his infection with COVID-19 would result in death penalty. The Court during Mr. Manlapaz's sentencing had the opportunity to evaluate the sentencing factors and sentenced Mr. Manlapaz. However, under the current situation, which we contend is extraordinary and compelling warrants changing his sentence to home confinement. Clearly, Mr. Manlapaz is not a danger to the safety of any person or to the community. Although Mr. Manlapaz was convicted of offenses related to the preparation of taxes, he no longer has the business and was barred from tax preparation business.

## Conclusion

**WHEREFORE**, Defendant, **JOSE BENJAMIN MANLAPAZ**, prays this Honorable Court for release to home confinement which is necessary because of his

medical condition and the COVID-19 pandemic.

Respectfully submitted,
THE IWEANOGES FIRM, PC                    Jose Benjamin Manlapaz
                                          Defendant by Counsel

By: /S/JohnOIweanoge/S/ _____
    John O. Iweanoge, II
    IWEANOGE LAW CENTER
    1026 Monroe Street, NE
    Washington, D.C. 20017
    Phone:  (202) 347-7026
    Fax:    (202) 347-7108
    Email: joi@iweanogesfirm.com
    Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of June 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Kimberly Pedersen, AUSA
United States Attorney's Office
for the Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314

*/S/JohnOIweanoge/S/*
John O. Iweanoge, II

IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | \* | |
| | \* | |
| V. | \* | **Criminal No: 1:17-CR-115** |
| | \* | |
| **JOSE BENJAMIN MANLAPAZ** | \* | **Judge: Anthony Trenga** |
| | \* | |
| **Defendant(s).** | \* | |
| | \* | |

## ORDER

**UPON CONSIDERATION** of Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. §3582 (c)(1)(A) and United States opposition, it is this ____ day of _____, 2020, hereby;

**ORDERED,** that Defendant's Motion be and same is hereby **GRANTED**, and

**it is**, FURTHER ORDERED _____

_____

**SO ORDERED.**

                                                      Anthony Trenga
                                                  U.S. District Court Judge

Copies sent to:
cc:    John O. Iweanoge, II
        THE IWEANOGES FIRM, P.C.        Kimberly Pedersen, AUSA
        IWEANOGE LAW CENTER          United States Attorney's Office
        1026 Monroe Street, NE             for the Eastern District of Virginia
        Washington, DC 20017              2100 Jamieson Avenue
                                                      Alexandria, Virginia 22314