IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:17-cr-0115-AJT-1 |
| JOSE BENJAMIN MANLAPAZ, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**ORDER**

Pending before the Court is Defendant Jose Benjamin Manlapaz's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. No. 211] (the "Motion"). In the Motion, Defendant requests release from detention based on his underlying medical conditions and the threat from the current COVID-19 pandemic within the federal prison where Defendant currently resides. *Id.* Defendant requests this relief based on 18 U.S.C. § 3582(c)(1)(A) or, in the alternative, 18 U.S.C. § 3624(c)(2), as amended by § 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136. *Id.* For the reasons stated below, the Motion is **DENIED**.

**I. BACKGROUND**

Defendant was involved in a fraudulent tax preparation business, through which, over the course of a decade, he created thousands of false tax returns which caused the U.S. Treasury to issue more than $12.4 million worth of fraudulent tax refunds to his clients. On June 20, 2018, after a seven-day jury trial, Defendant was found guilty of 34 counts of conspiracy to defraud the United States, Aiding and Assisting in the Preparation of False Tax Returns and Mail Fraud and Wire Fraud. [Doc. No. 136]. On October 19, 2018, the Court imposed a below-guidelines sentence of 108 months, giving Defendant credit for time served since his arrest on May 31,

2017, and three years of supervised release. [Doc. No. 157]. At a subsequent hearing on restitution, the Court ordered the defendant to pay restitution in the amount of $2,975,516.00. *See* [Doc. No. 169].

Defendant is currently 56 years old and is diagnosed with Type I diabetes, for which he regularly requires insulin and prescribed medication including Lisinopril and Simvastatin. [Doc. No. 211] at 1.[1] He also has sleep apnea. *Id.* at 18. He is presently incarcerated at FCI Morgantown, WV, and his anticipated release date is January 29, 2025. *Id.* at 2. There are currently no confirmed active cases of COVID-19 at FCI Morgantown. *See* https://www.bop.gov/coronavirus/ (updated daily and last viewed June 19, 2020).

On May 14, 2020, Defendant sent an email request to the Warden of FCI Morgantown for "compassionate release to home confinement." [Doc. No. 215] at 3. On May 16, 2020, BOP denied his request to be placed on home confinement, pursuant to the CARES Act. [Doc. No. 217-2]. On May 26, 2020, BOP staff denied the compassionate release request because Defendant did not identify the extraordinary and compelling circumstances which he believed warranted consideration, or a proposed release plan—essentially, Defendant did not provide the "minimum criteria for review at this time." [Doc. No. 217-3]. That same day, on May 26, 2020, Defendant filed the Motion. [Doc. No. 211].

## II. ANALYSIS

18 U.S.C. § 3582(c)(1)(A) provides that, "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," a sentencing court

---

[1] Defendant asserted that he was diagnosed previously with Type II diabetes, but his most recent diagnosis from his BOP records shows that he has Type I diabetes. *See* [Doc. No. 217-5].

2

"may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--(i) extraordinary and compelling reasons warrant such a reduction" "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Defendant has properly exhausted his administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A). Defendant's May 14, 2020 request was denied on the grounds that he did not provide sufficient information about what "extraordinary and compelling reasons" he believed entitled him to release, but he noted his two underlying health conditions and stated that those conditions made him susceptible to the coronavirus pandemic. [Doc. No. 217-2]. While BOP argued that was insufficient, the purpose of the administrative exhaustion procedure is to provide BOP time to review Defendant's concerns, and the Court finds that Defendant sufficiently identified his concerns to put BOP on notice of the grounds of his request. Additionally, more than thirty days have passed since his request, so the Motion is properly before the Court at this time.

However, Defendant has not presented extraordinary and compelling reasons that warrant his release under 18 U.S.C. § 3582(c)(1)(A). Acting pursuant to congressional authorization, *see* 42 U.S.C. § 994(t), the Sentencing Commission has issued a policy statement that defines "extraordinary and compelling reasons." U.S. Sentencing Guidelines Manual § 1B1.13 (2018). In evaluating whether "extraordinary and compelling reasons" exist, the Court looks to those specific grounds set forth in 18 U.S.C. § 3582(c)(1)(A)(ii), and U.S.S.G. § 1B.13 cmt. n.1(A)–(C), which define "extraordinary and compelling reasons" to include the medical condition of the

Defendant, such that he is suffering from an illness or physical condition that is either terminal or causes the Defendant to be unable to provide self-care within the prison environment, *id.* cmt. n.1(A), the age of the Defendant, if the Defendant is at least 65 years old, *id.* cmt. n.1(B), or family circumstances, such as the death or incapacitation of the caregiver of Defendant's minor children or incapacitation of Defendant's spouse or registered partner, *id.* cmt. n.1(C). Additionally, the Court may consider "other reasons," *id.* cmt. n.1(D), that are sufficiently extraordinary and compelling to warrant a sentence reduction. *See United States v. Redd*, No. 1:97-CR-00006-AJT, 2020 WL 1248493, at *8 (E.D. Va. Mar. 16, 2020).

Unquestionably, the COVID-19 pandemic is serious. It has debilitated society in unprecedented ways. At the same time, prison populations are particularly vulnerable to the disease.[2] Nevertheless, while the global health crisis is no doubt extraordinary, it affects all prisoners. Thus, to prevail here, Defendant must demonstrate that there are extraordinary *and* compelling reasons, within the context of his particular circumstances, that warrant a sentence reduction. *See United States v. White*, No. 2:07-cr-150, 2020 WL 1906845, at *1 (Apr. 17, 2020) (quoting *United States v. Feiling*, No. 3:19-cr-112, 2020 WL 1921457, at *7 (E.D. Va. Apr. 10, 2020)). That assessment must necessarily depend on whether, absent his immediate removal from his present environment, his health and safety are threatened to such an extent that his continued incarceration cannot be reasonably justified. Defendant has not made that showing.

Based on the record, there are no "extraordinary and compelling reasons" for a sentence reduction based on the threat that Defendant faces, BOP's efforts to mitigate the threat and the effectiveness of those efforts, or Defendant's vulnerability to the threat he faces based on his

---

[2] *See*, *e.g.*, Danielle Ivory, *"We Are Not a Hospital": A Prison Braces for the Coronavirus*, N.Y. TIMES (March 17, 2020), https://www.nytimes.com/2020/03/17/us/coronavirus-prisons-jails.html (citing densely populated living conditions, shortage of masks, soap, and hand sanitizer, and the inability to routinely disinfect surfaces and maintain safe distances between inmates and guards as reasons prisoners are at increased risk of infection).

overall health. Indeed, the Court cannot conclude from the record that, based on his age and health, the Defendant is significantly more at risk than other inmates, sufficient to justify shortening his sentence by two-thirds. Defendant, currently age 56, is outside the age groups deemed most at risk of developing severe illness from the virus. While Defendant does have Type I diabetes and sleep apnea, the BOP has evaluated him and notes that his sleep apnea is stable, and that, most recently, his diabetes is not uncontrolled. [Doc. No. 217-5]. Additionally, Defendant's facility is not presently suffering from any active COVID-19 cases. BOP COVID-19 Cases, available at https://www.bop.gov/coronavirus/ (last visited June 22, 2020). Further, the Court cannot conclude that a sentence reduction is warranted in light of the sentencing factors under 18 U.S.C. § 3553(a), including the need for a sentence that is sufficient but no more than necessary in light of nature and seriousness of Defendant's offense conduct, the need to avoid unwarranted sentencing disparities, and what constitutes a just punishment given the time remaining on his sentence—over 60% of a 108-month sentence.

Finally, with respect to Defendant's request that the Court issue a non-binding recommendation to BOP that Defendant be placed in home confinement, whether to place Defendant on home confinement under the CARES Act is within the discretion of the BOP and it appears that BOP has reviewed Defendant's eligibility for home confinement and found that he is not currently eligible. The Court does not have the authority or jurisdiction to review those decisions; and for substantially the same reasons the Court will not grant compassionate release, the Court will not issue the non-binding recommendation the Defendant requests.

Accordingly, it is hereby

ORDERED that Defendant Jose Benjamin Manlapaz's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. No. 211] be, and the same hereby is, DENIED.

The Clerk is directed to forward copies of this Order to counsel of record.

                                              Anthony J. Trenga
                                              United States District Judge

Alexandria, Virginia
June 23, 2020